UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| HAYDEE DROZ-MENDEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil No. 04-1507 (JAF) |

**MEMORANDUM OPINION (F.R.C.P. 52)**

The facts in this case are straightforward; however, they present a sad and unfortunate accident, with the ensuing lawsuit. A bench trial was held on October 31, 2005. These are our findings and conclusions.

Haydée Droz-Méndez is a 78-year-old woman married to Miguel A. Valentín, a retired Army veteran. On June 6, 2003, the couple visited Ft. Buchanan, in San Juan, Puerto Rico, to do their weekly shopping at the U.S. Army Commissary. Upon arriving at the inner entrance door to the facility, Mrs. Droz slipped and fell on water and ice that apparently some patron of the facility had dropped in the area.

As a result of the fall, Mrs. Droz injured her right leg, shoulder, and back, and has suffered pain and the typical complications of falling at an elderly age.

This is not the first time Mrs. Droz has fallen in a public facility. The record confirms an earlier fall at a supermarket. The

Civil No. 04-1507 (JAF)                                                    -2-

medical records confirm that for a long time, at least since before the first documented fall, Mrs. Droz has been suffering from severe arthritis, other bone fractures, limitation of movement, and osteoporosis. As a matter of fact, when she fell at the Commissary, she was walking with the aid of a cane.

The central issue is whether under <u>Mas v. United States</u>, 984 F.2d 527 (1st Cir. 1993), the United States Army, as proprietor of the Commissary store, had actual or constructive knowledge of the existence of the dangerous condition, in order to be able to correct it and avoid the risk to patrons. The <u>Mas</u> decision establishes that in a slip-and-fall case, under Puerto Rico law, plaintiff must establish as part of her case that the owner of the facility had actual and constructive knowledge of the dangerous condition.

Such evidence is lacking here. We first look at <u>Joint Exhibit V</u>, which is the Standard Claim Form used in this case to initiate an administrative claim under the Federal Tort Claims Act. The form, filled out by Plaintiff's attorney, fails to mention any fact or circumstance surrounding actual and constructive knowledge of the dangerous condition. We also look at the evidence presented at trial and there is a total absence of any evidence, direct or circumstantial, on the subject of how long the water and crushed ice had been on the floor or what did the Commissary authorities do or not do to clean it. Simply, we cannot find any evidence of actual or constructive knowledge of the condition on the part of the Army

Civil No. 04-1507 (JAF)                                                      -3-

1   Commissary.  We also note that it is inevitable to conclude that
2   crushed ice coming from a careless drop by a patron cannot remain on
3   the floor in the form of ice for long.  The tropical temperatures
4   prevalent in Puerto Rico, even in an air-conditioned store, would not
5   allow for crushed ice to remain in that form more than a few minutes.
6   If the source of the water or ice was an adjacent trash can, we could
7   only accept water leakage.  Crushed ice does not leak out of a trash
8   can in solid form.  Lastly, Plaintiff made no effort to present any
9   evidence of lack of proper maintenance routines or lack of cleaning
10  personnel or other circumstances from which we could circumstantially
11  infer carelessness or at least constructive knowledge on the part of
12  the Commissary.
13       Under these circumstances, and considering that Mrs. Droz was
14  very prone to falling no matter what the circumstances, we cannot
15  find for Plaintiff.  The Complaint shall be dismissed.
16       **IT IS SO ORDERED.**
17       San Juan, Puerto Rico, this 2nd day of November, 2005.
18                                         S/José Antonio Fusté
19                                         JOSE ANTONIO FUSTE
20                                         Chief U. S. District Judge